UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROLANDA MAGEE                    :          DOCKET NO. 2:20-cv-194

VERSUS                           :          JUDGE JAMES D. CAIN, JR.

UNITECH TRAINING ACADEMY         :          MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Rolanda Magee, who is proceeding pro se and in forma pauperis in this matter.  Because plaintiff has been granted leave to proceed in forma pauperis, her complaint has undergone preliminary review as mandated by 28 U.S.C. Section 1915A to determine, prior to service of the complaint on defendant, whether the complaint is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. Section 1915(e)(2)(B).

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

Plaintiff brings the instant suit pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), alleging that her civil rights have been violated by Unitech Training Academy ("Unitech").  Doc. 1.  She contends that Unitech misappropriated her education funds and, upon reporting this, she has been subjected to physical intimidation and verbal assault.  *Id.*  She also

-1-

alleges to have be retaliated against because of the reporting and because she is an African American. *Id.*

## II.
## Law & Analysis

### A. *Frivolity Review*

Plaintiff is not a prisoner; however, she is proceeding in forma pauperis. Doc. 3. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint " (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B)

applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

**B. Section 1983/Bivens**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Plaintiff brings the instant claim pursuant to *Bivens*, alleging that her civil rights have been violated by Unitech. Doc. 1 p. 4. However, Unitech Training Academy is not a state actor. Because there is no conduct that could reasonably be attributed to a state actor, Plaintiff fails to allege an essential element of a § 1983 claim.

**III.**
**CONCLUSION**

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 25th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE